IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES GODDARD,

    Plaintiff,

v.                                                        Civil Action No. 5:08CV138
                                                                             (STAMP)
BRAND SCAFFOLD RENTAL &
ERECTION OF PITTSBURGH, INC.,
formerly known as Safway Steel
Scaffolds Company of Pittsburgh,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND AND
DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS**

I.  Procedural History

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendant, in which the defendant asserts that federal jurisdiction is pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(b), and § 1441(c). The plaintiff commenced this civil action in the Circuit Court of Marshall County, West Virginia, alleging claims for workers' compensation/retaliatory discharge, disability discrimination, wrongful/constructive discharge in violation of public policy and the tort of outrage, and a claim under the West Virginia Wage Payment and Collection Act. Following removal of the action to this Court, the plaintiff filed a motion to remand to which the defendant responded and the plaintiff replied.[1] In his motion to

---

[1]The defendant also filed a surreply memorandum in opposition of the plaintiff's motion to remand. The local rules do not mention any specific procedures in regards to filing a surreply.

remand, the plaintiff also requested an award of attorney's fees and costs incident to filing the motion. For the reasons set forth below, the plaintiff's motion to remand is granted.

## II. Facts

The plaintiff, James Goddard ("Goddard" and/or "plaintiff"), was employed as a carpenter for the defendant, Brand Scaffold Rental & Erection of Pittsburgh, Inc. ("Brand Scaffold"), when he received a work-related injury to his left shoulder while working at the defendant's Mitchell Power Plant in Moundsville, West Virginia. Thereafter, Goddard filed a workers' compensation claim and received disability benefits from September 12, 2006 to September 29, 2006. On September 13, 2006, Brand Scaffold terminated Goddard's employment. Goddard now alleges that Brand Scaffold has refused to reinstate or rehire Goddard since his termination despite their hiring of other workers to perform work that Goddard is capable of performing. Based upon these actions,

---

Nevertheless, a party should not file a surreply without first obtaining the permission of the court. Thomas v. Branch Banking & Trust Co., 443 F. Supp. 2d 806, 809 n.2 (N.D. W. Va. 2006). Generally, a surreply is permitted when a party seeks to respond to new material that an opposing party has introduced for the first time in its reply brief. Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial 12:110 (The Rutter Group 2008). See also Khoury v. Meserve, 268 F. Supp. 2d 600, 605 (D. Md. 2003) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."). This Court notes that the defendant did not obtain the permission of this Court before filing its surreply. Although this Court does not condone the defendant's action, because the plaintiff has challenged complete preemption as grounds for remand for the first time in his reply memorandum, this Court will consider any issues addressed by the defendant in its surreply in analyzing and reaching its ultimate holding stated below.

Goddard has filed a four-count complaint, alleging claims of workers' compensation/retaliatory discharge, disability discrimination, wrongful/constructive discharge in violation of public policy and the tort of outrage, and a claim under the West Virginia Wage Payment and Collection Act.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

### IV. Discussion

A. Motion to Remand

Brand Scaffold removed this action to this Court, arguing that federal jurisdiction is proper. Specifically, Brand Scaffold asserts that Count III of the plaintiff's complaint claiming wrongful/constructive discharge in violation of public policy and

the tort of outrage is removable to federal court because it is subject to complete preemption by Section 301 of the Labor Management Relations Act ("LMRA").  Accordingly, Brand Scaffold argues that pursuant to 28 U.S.C. § 1441(c), Goddard's remaining claims are also removable, and jurisdiction in this Court is proper because "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the <u>entire case may be removed</u>." (emphasis added).  This Court disagrees and instead, finds that remand of this action to the state court is necessary.

Count I of the plaintiff's complaint asserts a workers' compensation/retaliatory discharge claim.  Title 28, United States Code, Section 1445(c) provides that "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  In <u>Thomas v. Kroger Co.</u>, 583 F. Supp. 1031, 1037 (S.D. W. Va. 1984), the court held that the plaintiff's claim for retaliatory discharge under West Virginia Code § 23-5A-1 "is a law arising under the workmen's compensation laws of West Virginia . . . [and] is barred from removal to federal court by 28 U.S.C. § 1445(c)."  See also <u>Thorne v. WLR Foods, Inc.</u>, 111 F. Supp. 2d 744, 748 (N.D. W. Va. 2000) (holding that "because a cause of action for retaliatory discharge, for filing worker's compensation benefits, is integrally related to the intricacies of the [West Virginia Worker's

Compensation Act], this cause of action necessarily arises under the worker's compensation laws of West Virginia" and is not removable). Thus, Goddard's retaliation claim in Count I of the complaint is non-removable.[2]

Furthermore, "[e]ven where federal questions are raised in an action raising a retaliatory discharge claim based upon state workers' compensation laws, it has been held that the case may not be removed to federal court if all of the plaintiff's claims arise from a single wrong." Husk v. E.I. Du Pont Nemours & Co., 842 F. Supp. 895, 898 n.5 (S.D. W. Va. 1994). In Jones v. C.J. Mahan Constr. Co., 393 F. Supp. 2d 390, 392-93 (S.D. W. Va. 2005), the court held that a plaintiff's claims for age discrimination and for other torts each arising from the plaintiff's discharge constituted a "single wrong." Thus, the court held that

> the entire case should be remanded to the Circuit Court. Congress clearly intended for worker's compensation cases to be heard in State Court, as evidenced by 28 U.S.C. § 1445(c). Given this congressional intent, the Court declines to exercise supplemental jurisdiction over this claim. The Court also believes that, in the interest of judicial efficiency, it does not make sense to divide the case and retain jurisdiction over some claims, while remanding the retaliatory discharge claim to Circuit Court.

---

[2]This Court notes that Brand Scaffold does not dispute that the plaintiff's retaliatory discharge claim under the workers' compensation laws is non-removable pursuant to 28 U.S.C. § 1445. Rather, Brand Scaffold bases its notice of removal on its argument that Count III of the plaintiff's complaint involves the interpretation of the collective bargaining agreement, and therefore, it is preempted by § 301 of the LMRA.

5

Jones, 393 F. Supp. 2d at 393. Accordingly, in this case, this Court declines to remand only the retaliatory discharge claim to the state court while exercising supplemental jurisdiction over the remainder of the claims. Rather, this Court believes that each of the claims that the plaintiff asserts arise out of a single wrong, here being Goddard's termination after he filed a workers' compensation claim, and that the remand of the entire case to the Circuit Court of Marshall County, West Virginia, is appropriate.

This Court is not persuaded by Brand Scaffold's argument that the plaintiff's claims are preempted by the LMRA. Section 301 of the LMRA authorizes federal courts to hear suits for violations of contracts between an employer and a labor organization or between labor organizations. 29 U.S.C. § 185(a). This section also directs the federal courts to fashion a body of federal common law resolving labor disputes and preempts any claims under state law which require the interpretation of a collective bargaining agreement. See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988). However, "not every dispute concerning employment or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301 or other provisions of the federal labor law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985). Only if a state law claim is "inextricably intertwined with consideration of the terms of the labor contract" is the claim preempted. Id. at 213. "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-

bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124 (1994).

In this case, Brand Scaffold has failed to elaborate on how exactly Goddard's state law claims will involve the interpretation of the collective bargaining agreement. Rather, Brand Scaffold argues only that Count III of the plaintiff's complaint asserting wrongful/constructive discharge in violation of public policy and tort of outrage is preempted by the LMRA because this claim must be analyzed under the terms of the collective bargaining agreement.

This Court finds, however, that resolution of the plaintiff's claim will not require interpretation of the collective bargaining agreement. Nor has Brand Scaffold proven otherwise. In fact, Brand Scaffold has not cited to any particular provision of the collective bargaining agreement that this Court would have to interpret to resolve Count III of the plaintiff's complaint. In Knox v. Wheeling-Pittsburgh Steel Corp., 899 F. Supp. 1529, 1535 (N.D. W. Va. 1995), this Court held that the plaintiff's tort of outrage claim was not preempted by § 301 of the LMRA because the "allegation of outrage will not require interpretation of the collective bargaining agreement for resolution," and "it is irrelevant to whether its actions violated the standards of outrageous conduct under state law." See also Jackson v. Kimel, 992 F.2d 1318, 1327 (4th Cir. 1993) ("It is not necessary to determine whether [the employer] owed a duty to refrain from the

7

alleged conduct; the collective bargaining agreement cannot authorize his alleged behavior."); Hanks v. Gen. Motors Corp., 906 F.2d 341, 344 (8th Cir. 1990) (holding that to determine merits of plaintiff's claims of outrageous conduct, wrongful discharge, prima facie tort, and intentional infliction of emotional distress, "neither the trier of fact nor the trier of law has to determine whether [the] discharge was warranted under the terms and provisions of the collective bargaining agreement"); Greenfield v. Schmidt Banking Co., Inc., 485 S.E.2d 391, 405 (W. Va. 1997) (stating that "none of the CBA provisions asserted by [the defendant] are implicated by the specific factual circumstances in this case. Thus, we conclude that resolution of [the plaintiff's] state-law claim for intentional infliction of emotional distress does not require interpretation of the CBA. It is not pre-empted"). Accordingly, because this Court finds that this action is not removable, Goddard's motion to remand should be granted.

B. <u>Attorney's Fees and Costs</u>

In addition to a remand, the plaintiff asks that this Court award him the attorney's fees and costs associated with pursuing this motion. With respect to the award of attorney's fees and costs, the Fourth Circuit has found that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate. In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). This Court finds that such fees and costs are inappropriate in this matter because the

8

defendant asserted at least a colorable claim to removal jurisdiction in this Court. Accordingly, this Court finds that the plaintiff's request for an award of attorney's fees and costs should be denied.

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. Plaintiff's request for attorney's fees and costs is DENIED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   November 12, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE